UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>BARCLAY DAMON LLP,<br><br>  Defendant. | Case No. 2:24-cv-01576-CDS-EJY<br><br>**REPORT AND RECCOMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 1. Also pending is Plaintiff's Civil Rights Complaint. ECF No. 1-1.

I. **Application for in forma pauperis.**

Plaintiff, a non-inmate, submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for the same. ECF No. 1. Thus, ordinarily, his IFP application would be granted. However, because the Court finds Plaintiff cannot establish personal jurisdiction over the Defendant his claims cannot proceed. For this reason the Court recommends Plaintiff's IFP application be denied.

II. **Screening the Complaint.**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe pro se complaints and may only dismiss them

1

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.   Discussion.

Plaintiff's Complaint identifies Barclay Damon LLP, a law firm based in Syracuse, New York, as the sole Defendant in this action. ECF No. 1-1 at 2. Plaintiff asserts claims under 42 U.S.C. § 1983 alleging "discriminations, civil rights violations, and due process violations." *Id.* at 3. Specifically, Plaintiff alleges Defendant, acting from its Syracuse office, defamed and discriminated against him on May 4, 2022. *Id.* at 4. In support of his allegations, Plaintiff appends to his Complaint a posting from Defendant's website, dated May 4, 2022, describing a series of lawsuits brought by Plaintiff against various hotels in Upstate New York.[1] *Id.* at 7-8. Setting aside Plaintiff's allegations that are insufficient to state a claim,[2] the Court finds Plaintiff fails to establish that the District of Nevada can properly exercise personal jurisdiction over Defendant and, for this reason, his claims must be dismissed.

Even where a federal court properly has subject matter jurisdiction over a claim brought under a federal statute such as 42 U.S.C. § 1983, courts must also have personal jurisdiction over the parties. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007). As a general matter, if the relevant federal statute does not provide a basis for personal jurisdiction, a "district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). Nevada's long arm statute (NRS 14.065) allows for personal jurisdiction on any basis not inconsistent with the U.S. or the Nevada Constitutions and, therefore, the personal jurisdiction analysis under Nevada law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

---

[1] The article attached to the Complaint indicates Plaintiff was seeking shelter at, and then bringing lawsuits against, a series of hotels located exclusively in Upstate New York in the days prior to May 4, 2022. ECF No. 1-1 at 7.
[2] The facts as pleaded fail to establish a claim upon which relief can be granted. Claims under 42 U.S.C. § 1983 require defendants to have acted under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1990). Here, Defendant is a private entity and there are no assertions that it acted under color of any law at the time of the alleged discrimination. However, because the lack of personal jurisdiction is sufficient grounds to dismiss the entire Complaint, this issue is not discussed further.

1    Unlike subject matter jurisdiction, which can never be waived, parties may consent to a court's personal jurisdiction by making a general appearance. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Here, Plaintiff consented to the Court's exercise of personal jurisdiction by filing his Complaint. *See Adam v. Saenger*, 303 U.S. 59, 67 (1938). Therefore, the Court's analysis turns on whether it may properly exercise personal jurisdiction over Defendant.

Personal jurisdiction may be general (based on a forum connection unrelated to the underlying suit) or specific (based on a connection between the forum and the underlying controversy). *See, e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)). General personal jurisdiction exists where a defendant has contacts that "are so constant and pervasive as to render it essentially at home" in the forum state. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). For business entities, this is typically their state of incorporation/registration, as well as their principal place of business. *Daimler*, 571 U.S. at 137. General personal jurisdiction may also exist where businesses are required to file paperwork consenting to the exercise of general jurisdiction by that state's courts as a condition of conducting business within the state. *Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 135 (2023). Plaintiff does not allege any facts supporting (let alone suggesting) that Defendant is at home in, or has ever conducted any form of business within, the State of Nevada—indeed, the only address listed for Defendant is in New York. As such, the Court finds there is no basis to exercise general personal jurisdiction over Defendant.

Specific personal jurisdiction exists when a defendant has sufficient "minimum contacts" with the forum state arising from or related to the plaintiff's claims. *Schwarzenegger*, 374 F.3d at 802. This requires the defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 359, (2021). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 1025. Here, however, Plaintiff alleges the events giving rise to his claim occurred at Defendant's office in Syracuse, New York.

3

ECF No. 1-1 at 4. There is no allegation of any act by which Defendant has purposefully availed itself of the privilege of doing business within Nevada. Therefore, the Court finds it cannot exercise specific personal jurisdiction over Defendant.

In sum, Plaintiff fails to allege facts establishing the Court has personal jurisdiction over Defendant. Therefore, the case should be dismissed. Because there are no grounds to believe this infirmity could be corrected by granting leave to amend, the dismissal should be with prejudice.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed in forma pauperis (ECF No. 1) be DENIED.

IT IS HEREBY RECOMMENDED that all claims be dismissed with prejudice for lack of personal jurisdiction over Defendant.

Dated this 3rd day of September, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).